**Original filed 2/2/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. WHITE, JR., ) Petitioner, ) vs. ) UNITED STATES OF AMERICA, ) Respondent. ) | No. C 07-0130 JF (PR) ORDER OF DISMISSAL; DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; NO FILING FEE IS DUE (Docket No. 2) |

Petitioner, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri as a result of his 2005 conviction and sentence in the United States District Court for the Northern District of California (CR 04-0264-01 VRW). Petitioner challenges his "unlawful restraint pursuant to an invalid and unconstitutional conviction," alleging that his plea agreement was fraudulent because he was not competent to enter into the agreement, prosecutorial misconduct, ineffective assistance of counsel, etc. See Petition at 2-4. Petitioner states that his petition is not to be construed as a motion to vacate his sentence, or a petition, pursuant to 28 U.S.C. § 2255. Id. at 1. The Court will DISMISS the instant petition without prejudice and DENY Petitioner's motion to proceed in forma pauperis (docket no. 2) as moot.

Order of Dismissal
P:\pro-se\sj.jf\hc.07\White130dis

## DISCUSSION

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980) (parole decision claim); see also Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of presentence time credit).

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. See 28 U.S.C. § 2244(b); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). The sole basis upon which a federal prisoner authorized to seek relief under § 2255 may do so under § 2241 is if he can show that the remedy available under § 2255 is "'inadequate or ineffective to test the validity of his detention.'" United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id. For example, the remedy under § 2255 generally will not be inadequate or ineffective due to the delay in considering a motion under § 2255 until direct appeals are resolved, id. at 299; due to the mere fact that a previous § 2255 motion was denied, see Aronson v. May, 85 S. Ct. 3, 5 (1964); Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1987); see also Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate already decided by prior § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding inadequate or ineffective; must show more than lack of success in prior § 2255); or due to the alleged bias of the judges who will rule on the petition, Tripati, 843 F.2d at 1163 (availability of motion for recusal or disqualification renders the § 2255 remedy effective). Even the dismissal of a subsequent § 2255 motion as successive under 28 U.S.C. § 2244(b) does not render federal habeas relief under § 2255 an ineffective or inadequate remedy per se. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of

1   § 2255 merely because the court of appeals refuses to certify a second or successive
2   motion under the gatekeeping provisions of § 2255 "); Moore v. Reno, 185 F.3d 1054,
3   1055 (9th Cir. 1999) (dismissal of § 2255 motion as successive under AEDPA does not
4   render federal habeas relief under § 2255 an inadequate or effective remedy).

5   Because Petitioner challenges the legality of his sentence and conviction under 28
6   U.S.C. § 2241 and has failed to bring himself within the exception to § 2255's bar on
7   using other forms of relief to challenge a federal conviction or sentence, this Court has no
8   jurisdiction to decide the petition. See Hernandez v. Campbell, 204 F.3d 861, 865-66
9   (9th Cir. 2000). Accordingly, the instant § 2241 petition is DISMISSED without
10  prejudice.

## CONCLUSION

12  The instant petition is DISMISSED without prejudice. Based upon this dismissal,
13  Petitioner's motion to proceed in forma pauperis (docket no. 2) is DENIED as moot. No
14  filing fee is due. The Clerk shall terminate all pending motions and close the file.

15  IT IS SO ORDERED.
16  DATED: 2/1/07

JEREMY FOGEL
United States District Judge

1 | A copy of this ruling was mailed to the following:

John F. White, Jr.
06527-045
Medical Center for Federal Prisoners (MCFP)
P.O. Box 4000
Springfield, MO  65801

Order of Dismissal
P:\pro-se\sj.jf\hc.07\White130dis            4